UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
POINTERS, CLEANERS & CAULKERS ANNUITY FUND,
PENSION FUND and WELFARE FUND, JOINT
APPRENTICESHIP TRAINING FUND, INTERNATIONAL
MASONRY INSTITUTE, BRICKLAYERS
INTERNATIONAL PENSION FUND, BUILDING                    Index No.
RESTORATION INDUSTRY PROMOTION FUND, and
JACK ARGILA, in his fiduciary capacity as Trustee,
BRICKLAYERS AND ALLIED CRAFT WORKERS LOCAL
UNION NO. 1, INTERNATIONAL UNION OF                     COMPLAINT
BRICKLAYERS AND ALLIED CRAFT WORKERS
and LABOR MANAGEMENT RELATIONS COMMITTEE,

                                                      **Plaintiffs,**

                  - against -

AMERI RERSTORATION, INC. and ASHAN RANJHA,

                                       **Defendants.**
---------------------------------------------------------------------------------X

Plaintiffs, Board of Trustees of the Pointers, Cleaners & Caulker Annuity Fund, Pension Fund and Welfare Fund (herein-after referred to as the "FUNDS" or collectively referred to as "PLAINTIFFS"), by their attorneys Law Offices of William Rothberg as and for its Complaint against the Defendants, allege as follows:

## JURISDICTION AND VENUE

**1.** This action arises under the Labor Management Relations Act, as amended (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C.S. ¶185(a)) and under §502 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C.A. 1132). Jurisdiction is founded on the existence of questions arising thereunder.

**2.** Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

3. This action is brought by the respective Trustees of the FUNDS in their fiduciary capacities for injunctive relief, and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to pay contributions due and to submit, permit and cooperate in the conduct of an audit.

**PARTIES**

4. Plaintiffs, Pointers, Cleaners & Caulkers Annuity Fund ("Annuity Fund"), Pension Fund ("Pension Fund") and Welfare Fund ("Welfare Fund"), Joint Apprenticeship Training Fund ("JAT") International Masonry Institute ("IMI"), Bricklayers International Pension Fund ("IPF") (hereinafter collectively referred to as the "FUNDS"), are each an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), which are administered by Trustees pursuant to the terms and provisions of Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "AGREEMENT"), heretofore entered into between the POINTERS, CLEANERS & CAULKERS LOCAL UNION NO. 1 of the INTERNATIONAL UNION OF BRICKLAYERS and ALLIED CRAFTSMEN (hereinafter referred to as the "UNION"), and certain Employers and/or Employer Associations, whose members employ members of the UNION, and are required to be maintained and administered in accordance with the provisions of the Taft-Hartley Act, ERISA, and other applicable state and federal laws. The FUNDS maintain their offices and are administered in the County of Queen, State of New York.

5. Plaintiff, JACK ARGILA (hereinafter referred to as "ARGILA") is the Chairman of the Board of Trustees for the FUNDS, FUNDS Administrator and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. Section1002(21)(A), of the FUNDS. The

Trustees of the FUNDS have authorized ARGILA to bring this action on their behalf. He is also a Trustee of the IMI. The Trustees of the Local 1 Funds have authorized ARGILA to bring this action on their behalf, as have the Trustees of the Building Restoration Industry Promotion Fund ("BIPF"), IMI and IPF. As President of Local 1, ARGILA is also authorized to sue to collect wage assignments that have not been remitted by employers to Local 1 and the International Union.

6. Defendant, AMERI RESTORATION, INC. (hereinafter referred to as the "CORPORATION"), is an Employer engaged in an industry affecting commerce, who employs or has employed employees included within the AGREEMENT whereunder the CORPORATION is required to make contributions to the FUNDS as therein required, as a signatory to such agreement or agreements or by separate Memorandum of Agreement or Project Labor Agreement entered into by the CORPORATION and the FUNDS. During all relevant time, the CORPORATION transacted business within the State of New York, and maintains its principal place of business at 201 Sprain Road, Scarsdale, NY 10583.

7. Defendant, ASHAN RANJHA (hereinafter referred to as "RANJHA"), is a natural person and is the owner and president of AMERI RESTORATION, INC. Upon information and belief, RANJHA exercises authority or control respecting the management or disposition of plan assets that should have been held in trust by the CORPORATION and remitted to the FUNDS, and is a fiduciary within the meaning of ERISA, 29 U.S.C. §1002(21)(A).

## BACKGROUND

8. The FUNDS provide fringe benefits to eligible employees, retirees and their dependents, including but not limited to payments for hospitalization, medical care, life

insurance, annuity, pension, education and training, industry promotion and Union dues check-off on behalf of the employees from the CORPORATION.

9. The FUNDS are authorized to collect contributions on behalf of the employees of the CORPORATION.

10. The CORPORATION executed Project Labor Agreements ("PLAs") to perform construction work on several New York City and New York State buildings. The PLAs bound the CORPORATION to the AGREEMENT with the UNION and obligated to pay benefit contributions to the FUNDS for all hours worked by its employees within the jurisdiction of the UNION as well as comply with all other terms of the AGREEMENT.

11. The CORPORATION has failed to adequately respond to the FUNDS' demands for payment of contributions owed, and for an audit of its books and records.

12. The Trustees as fiduciaries of the FUNDS are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the AGREEMENT and Trust Indentures that concern the protection of employee benefit rights.

**AS AND FOR A FIRST CAUSE OF ACTION**

13. The FUNDS repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "12" of this COMPLAINT as if fully set forth at length herein.

14. The CORPORATION executed PLA Agreements and remains a party to the AGREEMENT with the UNION, and therefore obligated to comply with its terms.

15. Pursuant to the AGREEMENT and the TRUST, the CORPORATION is required to permit and cooperate with the FUNDS and/or their designated agents or representatives in an audit of the CORPORATION'S books and records in order to verify the accuracy of the contribution reports and their compliance with the terms of the AGREEMENT as they relate to the FUNDS. Furthermore, the CORPORATION is required to pay amounts found due and owing along with audit costs.

16. Accordingly, an audit was conducted of the books and records of the CORPORATION for the period September 1, 2016 through June 30, 2019, which showed a total sum owed to the FUNDS of $92,245.00, of which $1,033.00 has been paid, leaving a balance due to the FUNDS by the CORPORATION of $91,212.00. The CORPORATION agreed to pay the balance due but, despite a multitude of efforts and requests by the FUNDS, has failed to enter into a written agreement or to pay the contributions owed.

17. The FUNDS have no adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the CORPORATION, its officers, employees, servants and agents are ordered to immediately pay the monies due.

18. The failure, refusal or neglect of the CORPORATION to make the required payments to the FUNDS constitutes a violation of the AGREEMENT between the CORPORATION and non-party UNION, with respect to which the FUNDS are third party beneficiaries and constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

19. Accordingly, the CORPORATION is liable to the FUNDS for the audit balance remaining due of **$91,212.00.**

**AS AND FOR A SECOND CAUSE OF ACTION**

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs "1" through "19" of this COMPLAINT as if fully set forth at length herein.

21. Section 515 of ERISA (29 U.S.C. §1145) requires employers to pay fringe benefit contributions, with interest if said contributions are not timely paid, in accordance with the terms and conditions of Collective Bargaining Agreements.

22. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of §515 of ERISA (29 U.S.C. Section 1145), the Court shall award to the FUNDS the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due, both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23. Article XV, Section 7(e) of the AGREEMENT provides that if an Employer is untimely in its payments of fringe benefit contributions to the FUNDS it shall pay interest at a rate of ten percent (10%) per annum.

24. A balance of contributions due from the CORPORATION to the FUNDS remains due in the amount of $91,212.00, pursuant to the September 1, 2016 through June 30, 2019 audit. Interest has been calculated at the rate of 10% per annum for the 23 month period of July 2019 through June 2021, in the sum of **$17,412.38**.

25. Accordingly, the CORPORATION is liable to the FUNDS for the payment of interest of **$17,412.48**, and for additional interest to the date of judgment, plus statutory damages, together with reasonable attorney's fees, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

## AS AND FOR A THIRD CAUSE OF ACTION

26. The FUNDS repeat and reallege each and every allegation contained in

paragraphs "1" through "25" of this COMPLAINT, as if more fully set forth at length herein.

27. Section 515 of ERISA (29 U.S.C. §1145) requires Employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

28. Failure to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the CORPORATION constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

29. Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an employer in violation of §515 of ERISA (29 U.S.C. §1145), the Court shall award payment of the unpaid fringe benefit contributions, plus statutory damages on the unpaid principal computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. §6621), together with reasonable attorney's fees and costs and disbursements incurred in the action.

30. Accordingly, the CORPORATION is liable to the FUNDS for the amount determined by audit, the balance of which is **$91,212.00**, along with 20% statutory damages, calculated at **$18,242.40**, together with reasonable attorney's fees, interest through the date of judgment, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

## AS AND FOR A FOURTH CAUSE OF ACTION

31. The FUNDS repeat and reallege each and every allegation contained in Paragraphs "1" through "30" of this COMPLAINT, as if more fully set forth at length herein.

32. The AGREEMENT binds CORPORATION and/or RANJHA directly to the provisions of the Agreement and Declaration of Trust for each of the FUNDS (Welfare, Pension, Annuity, individually), as though the Employer had actually signed the individual documents,

and further binds Employer to all actions taken by the Trustees of each of the FUNDS pursuant to said Agreements and Declaration of Trust, as amended and their respective Plans, as amended.

33. The Agreement and Declaration of Trust for each of the FUNDS provides in relevant part that "The assets of the Trust Fund shall not revert or be used for or inure to the benefit of any of the Employers…" and that, "all contributions required from an Employer shall, after their due date and until their payment over in full by the Employer to the Trust Fund[s], be deemed to constitute a trust fund in the possession of such Employer; and said Employer shall be responsible and liable therefore as a fiduciary."

34. RANJHA is a fiduciary under ERISA, 29 U.S.C. §1002(21)(A), with respect to the FUNDS, to the extent he exercises authority or control respecting management or disposition of FUNDS' assets on behalf of CORPORATION.

35. Upon information and belief, RANJHA is the President of Ameri Restoration, Inc. and exercised control over the activities and operations of CORPORATION, exercised "authority or control respecting management or disposition" over certain assets of the FUNDS within the meaning of 29 U.S.C. §1002(21)(A), exercised the authority to sign checks on behalf of CORPORATION including checks which should have been submitted to the FUNDS for contributions, determined whether or not CORPORATION made contributions to the FUNDS, determined whether or not CORPORATION used assets of the FUNDS to pay other obligations of the CORPORATION, determined whether or not the CORPORATION transferred assets of the FUNDS to himself.

36. RANJHA's failure to remit contributions due and owing from CORPORATION to the FUNDS for the audit period September 1, 2016 through June 30, 2019, in the sum of $91,212.00, constitutes a violation of the Agreement and Declaration of Trust and ERISA fiduciary duties, 29 U.S.C. §1104.

37. Pursuant to 29 U.S.C. §1109(a), RANJHA is personally liable to make good any losses to the FUNDS resulting from each such breach of fiduciary duty and to restore any profits which would have been made through use of assets of the FUNDS.

38. Accordingly, pursuant to 29 U.S.C. §1109(a) and 1132(g)(1), the FUNDS are entitled to recover from RANJHA the following: a) the balance of money due and owing for the audit period September 1, 2016 through June 30, 2019, in the sum of $91,212.00; b) interest on delinquent contributions for period July 2019 through June 2021, in the minimum sum of $17,412.38; c) statutory damages for the period September 2016 through June 2019, in the sum of $18,242.40; d) reasonable attorney's fees, costs, and expenses; and e) such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIFTH CAUSE OF ACTION

39. The FUNDS repeat and reallege each and every allegation contained in paragraphs "1" through "38" of this COMPLAINT, as if more fully set forth at length herein.

40. Pursuant to the terms and conditions of the AGREEMENT, the CORPORATION is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as the CORPORATION remains obligated to do so pursuant to the AGREEMENT.

41. The CORPORATION has failed to timely pay fringe benefit contributions and/or submit reports to the FUNDS and is currently in breach of its obligations under the AGREEMENT. The prior conduct of the CORPORATION demonstrates a significant likelihood that it will continue to breach the terms of the AGREEMENT.

42. The FUNDS have no adequate remedy at law to insure that the CORPORATION will adhere to the terms of the AGREEMENT.

**43.** The FUNDS will suffer immediate and irreparable injury unless the CORPORATION, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay the required monetary contributions and/or submit reports and cooperate in the conduct of audits for so long as the CORPORATION remains obligated to do so pursuant to the AGREEMENT.

**44.** Accordingly, the FUNDS request this Court issue an injunction permanently enjoining the CORPORATION, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise from failing, refusing or neglecting to pay the required contributions and/or submit reports for the term of the AGREEMENT.

**WHEREFORE,** Plaintiff, FUNDS respectfully request Judgment against Defendants, AMERI RESTORATION, INC. and ASHAN RANJHA, as follows:

(a) Payment of $91,242.00 found due and owing as a result of audit of the books and records of the CORPORATION for the period September 1, 2016 through June 30, 2019; and

(b) Payment of interest in the minimum sum of $17,412.38 for the period July 2019 through June 2021; and

(c) Payment of statutory damages in the sum of $18,242.40; and

(d) Further statutory damages on all amounts now due and any which accrue during the pendency of this action, reasonable attorney's fees, interest on unpaid principal, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132); and

(e) An Order permanently enjoining the CORPORATION, its officers, agents, servants, employees and all persons in active concert or participation with them, who receive actual notice of the Order by personal service or otherwise for so long as they remain obligated to contribute to the FUNDS as a result of failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with the applicable AGREEMENT for so long as they are obligated to do so pursuant to the applicable AGREEMENT; and

(f) Retaining jurisdiction over this matter pending compliance with its Order; and

(g) For such other and further relief as to the Court deems appropriate.

Dated: Brooklyn, New York
June 29, 2021

Respectfully submitted,

/s/ Sylvie Straus-Figueroa
Sylvie Straus-Figueroa, Esq.
Law Offices of William Rothberg
Attorney for Plaintiffs
16 Court Street, Suite 2200
Brooklyn, NY 11241
(718) 624-2200

To Defendants:   AMERI RESTORATION, INC. and ASHAN RANJHA
201 Sprain Road
Scarsdale, NY 10583

ASHAN RANJHA
201 Sprain Road
Scarsdale, NY 10583